UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Case No. 24-cr-135 (SRN/TNL) |
| Plaintiff, | |
| v. | **ORDER** |
| Damari Tremaris Douglas, | |
| Defendant. | |

Allen A. Slaughter, Jr., Garrett S. Fields, and Nichole J. Carter, Assistant United States Attorneys, United States Attorney's Office, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415 (for the Government); and

Steven E. Wolter, Kelley, Attorney, Wolter & Scott, P.A., 11100 Wayzata Boulevard, Suite 510, Minnetonka, MN 55305 (for Defendant).

This matter is before the Court, United States Magistrate Judge Tony N. Leung, on the following pretrial motions:

1. Defendant's Motion for Disclosure of 404(b) Evidence, ECF No. 27;

2. Defendant's Motion to Disclose Favorable Evidence, ECF No. 28;

3. Defendant's Motion for Early Disclosure of Jencks Act Material, ECF No. 29;

4. Defendant's Motion for Discovery, ECF No. 30; and

5. Defendant's Motion for Government Agents to Retain Rough Notes, ECF No. 31.

A hearing was held on August 20, 2024. ECF No. 36. Assistant United States Attorney Garrett Fields appeared on behalf of the United States of America (the "Government"). Attorney Steven Wolter appeared on behalf of Defendant Damari

1

Tremaris Douglas ("Defendant").

Based upon the record, memoranda, and oral arguments, **IT IS HEREBY ORDERED** as follows:

1. Defendant's Motion for Disclosure of 404(b) Evidence, ECF No. 27, is **GRANTED IN PART** and **DENIED IN PART**.

Defendant moves for immediate disclosure of Rule 404(b) evidence. *See* ECF No. 27. The Government proposes disclosing any Rule 404(b) evidence 14 days before trial. *See* Gov't's Consol. Resp. at 2, ECF No. 33. Defendant represented at the motions hearing that he was agreeable to the Government's proposal.

Federal Rule of Evidence 404(b) requires the Government to provide reasonable written notice before trial when evidence of a crime, wrong, or other act will be used to "prov[e] motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2); *see* Fed. R. Evid. 404(b)(3)(A) (prosecutor must "provide reasonable notice of any such evidence that the prosecutor intends to offer at trial, so that the defendant has a fair opportunity to meet it"), (C) (in writing). The Government is required to "articulate in the notice the permitted purpose for which the [Government] intends to offer the evidence and the reasoning that supports the purpose." Fed. R. Evid. 404(b)(3)(B).

"Rule 404(b) . . . applies to the admission of wrongful-act evidence that is extrinsic to the charged offense . . . ." *United States v. Ruiz-Chavez*, 612 F.3d 983, 988 (8th Cir. 2010). It does not apply to intrinsic evidence. *Id.*; *see also United States v. Beltz*, 385 F.3d 1158, 1162 (8th Cir. 2004) ("Evidence that is relevant to the crime charged is not other

2

crimes evidence."). "Evidence of other wrongful conduct is considered intrinsic when it is offered for the purpose of providing the context in which the charged crime occurred." *Ruiz-Chavez*, 612 F.3d at 988 (quotation omitted).

Rule 404(b) does not require that the Government "disclose directly or indirectly the names and addresses of its witnesses, something it is currently not required to do under [Fed. R. Crim. P.] 16." Fed. R. Evid. 404(b) advisory committee's notes to 1991 Amendments; *see United States v. Polk*, 715 F.3d 238, 249 (8th Cir. 2013); *United States v. Hamilton*, 452 F.2d 472, 479 (8th Cir. 1971); *see also United States v. Miller*, 698 F.3d 699, 704 (8th Cir. 2012) ("In 1975, Congress amended Rule 16 to eliminate a requirement that the government disclose its witnesses prior to trial.").

The Court finds the 14-day proposal reasonable. No later than 14 days prior to trial, the Government shall provide reasonable written notice of all "extrinsic" evidence then known to the Government that the Government intends to offer within the purview of Rule 404(b), articulating "the permitted purpose for which the [Government] intends to offer the evidence and the reasoning that supports the purpose." Fed. R. Evid. 404(b)(3)(B). If the Government subsequently discovers additional extrinsic evidence, it shall provide reasonable notice of such evidence as soon as practicable after such discovery. *See* Fed. R. Evid. 404(b)(3)(A). Defendant's motion is denied to the extend it goes beyond Rule 404(b).

2. Defendant's Motion to Disclose Favorable Evidence, ECF No. 28, is **GRANTED IN PART** and **DENIED IN PART**.

Defendant seeks disclosure of all favorable and exculpatory evidence under *Brady v. Maryland*, 373 U.S. 83 (1963) and its progeny. *See* ECF No. 28 at 1. Defendant's request

3

includes impeachment evidence pursuant to *Giglio v. United States*, 405 U.S. 150 (1972). *Id.* Defendant requests that the Government's disclosures include: identification of persons to the crime other than Defendant made by eyewitnesses, failure by any eyewitnesses to identify Defendant to the crime, exculpating statements made by any witness, statements made by a witness that contradicts statements made by other witnesses, statements made by any witness that the controlled substances as described in the Indictment were in the possession or control of someone other than Defendant, statement of any witness that negates any element of the offenses charged, reports of interviews relating to any of the above witness statements, fingerprints, handwriting, DNA, or other evidence tying someone other than Defendant to the offenses charged, prior convictions of prospective government witnesses, and offers or promises made to prospective government witnesses regardless of whether the government will call those persons as witnesses at trial. *Id.* at 1-2. The Government responds that it will continue to comply with its obligations under *Brady*, *Giglio*, and their progeny. Gov't's Consol. Resp. at 3. It further represents that it will disclose any criminal record information of its testifying witnesses prior to trial and any promises or agreements made to testifying witnesses. *Id.* at 4. The Government objects to the extent that Defendant's requests go beyond *Brady*, *Giglio*, and their progeny. *Id.*

"The Due Process Clause of the Fifth Amendment requires the government to disclose to the accused favorable evidence that is material to guilt or punishment." *United States v. Dones-Vargas*, 936 F.3d 720, 722 (8th Cir. 2019) (citing under *Brady*, 373 U.S. at 87). "*Brady* is not a discovery rule, but a rule of fairness and minimum prosecutorial obligation." *Miller*, 698 F.3d at 704. "*Brady* does not require pretrial disclosure, and due

4

process is satisfied if the information is furnished before it is too late for the defendant to use it at trial." *United States v. Almendares*, 397 F.3d 653, 664 (8th Cir. 2005).

Further, "[t]he [Supreme] Court has extended *Brady* protection to witness-credibility evidence when the reliability of the witness 'may well be determinative of guilt or innocence.'" *United States v. Sigillito*, 759 F.3d 913, 930 (8th Cir. 2014) (quoting *Giglio*, 405 U.S. at 154); *see also United States v. Whitehill*, 532 F.3d 746, 753 (8th Cir. 2008) ("*Brady* applies to exculpatory and impeachment evidence, whether or not the accused has specifically requested the information." (citations omitted)). "One reason for this extension to witness-credibility evidence is because exposure of a witness's motivation in testifying is a proper and important function of the constitutionally protected right of cross-examination." *Sigillito*, 759 F.3d at 930 (quotation omitted). The Eighth Circuit Court of Appeals "ha[s] determined that witness motivations, like the payment of money as an incentive to change testimony, fall within the *Brady* disclosure requirement." *Id.* (citing *United States v. Librach*, 520 F.2d 550, 554 (8th Cir. 1975)). "Furthermore, the prosecutor must disclose the possibility of a reward that gives the witness a personal stake in the defendant's conviction." *Sigillito*, 759 F.3d at 930 (citing *United States v. Bagley*, 473 U.S. 667, 683 (1985)).

Nevertheless, "[a] federal criminal defendant generally has no right to know about government witnesses prior to trial." *Polk*, 715 F.3d at 249 (quotation omitted); *see Hamilton*, 452 F.2d at 479 ("The request for statements of witnesses not to be called at trial is merely another way of determining whether the co-conspirators named in the indictment would be witnesses at trial, . . . [and] the identity of witnesses is information the

government is not normally required to supply to the criminal defendant." (quotation omitted)); *United States v. Wisman*, No. 4:06CR0036 DJS/TCM, 2006 WL 587601, at *2 (E.D. Mo. Mar. 9, 2006) ("The statements of a non-witness are not discoverable.").

Defendant's requests are granted in part to the extent that the Government shall comply fully with its obligations under *Brady*, *Giglio*, and their progeny. If the Government later discovers additional exculpatory or impeachment evidence, it shall disclose such evidence as soon as practicable after such discovery. To the extent Defendant seeks disclosures outside of the Government's obligations under these authorities or seeks materials that have already been produced, such requests are denied. *See United States v. Johnson*, 228 F.3d 920, 924 (8th Cir. 2000) ("Criminal defendants do not have a general constitutional right to discovery."). Further, to the extent that Defendant requests statements of non-testifying witnesses not otherwise encompassed within the Government's disclosure obligations, such requests are denied. *See Hamilton*, 452 F.2d at 479; *Wisman*, 2006 WL 587601, at *2.

3. Defendant's Motion for Early Disclosure of Jencks Act Material, ECF No. 29, is **DENIED**.

Defendant seeks early disclosure of Jencks Act materials, requesting that such materials be disclosed at least ten days prior to the start of trial. ECF No. 29 at 1-2. The Government voluntarily proposes disclosing Jencks Act materials three days prior to trial. Gov't's Consol. Resp. at 6.

By its terms,

> [t]he Jencks Act does not compel the government to produce a statement or report of a government witness until after the witness has testified on direct examination, after which the defendant may move for the production of any statements in the government's possession made by that witness relating to the subject matter of [his] testimony.

*United States v. Green*, 151 F.3d 1111, 1115 (8th Cir. 1998); *see* 18 U.S.C. § 3500(b). "Although in many cases the government freely discloses Jencks Act material to the defense in advance of trial, the government may not be required to do so." *Green*, 151 F.3d at 1115 (quotation omitted); *accord United States v. Wilson*, 102 F.3d 968, 971-72 (8th Cir. 1996). Defendant's request for early disclosure of Jencks Act materials is denied. While the Court is not ordering the Government to disclose Jencks Act materials early, the Court encourages the Government to disclose such materials no less than three days before trial.

4. Defendant's Motion for Discovery, ECF No. 30, is **GRANTED IN PART** and **DENIED IN PART**.

Defendant generally seeks materials subject to disclosure under Rule 16(a) of the Federal Rules of Criminal Procedure. *See generally* ECF No. 30. This includes expert witness disclosures. *Id.* at 3 (citing Fed. R. Evid. 702, 703, and 705). The Government represents that it will continue to comply with its discovery obligations. Gov't's Consol. Resp. at 7.

"In most circumstances . . . a defendant must point to a statute, rule of criminal procedure, or other entitlement to obtain discovery from the government." *Johnson*, 228 F.3d at 924. Defendant's motion is granted to the extent that responsive information subject

7

to disclosure under Rule 16(a) remains in the Government's control and has not yet been produced. Defendant's motion is further granted in part to the extent his discovery requests seek discovery that the Government is otherwise obligated to disclose by law. While the Court has no reason to doubt that the Government will honor its continuing disclosure obligations under Rule 16(c), any responsive information or material subject to disclosure under Rule 16(a) that subsequently comes into the Government's possession, knowledge, or control shall be produced in a timely fashion. To the extent Defendant seeks information or materials outside the Government's disclosure obligations under Rule 16(a) or that have already been produced, his motion is denied.

With respect to experts, Defendant requests, pursuant to Federal Rule of Criminal Procedure 16(a)(1)(G) that the Government disclose a written summary of any expert testimony the Government intends to use at trial. ECF No. 30 at 2. At the hearing, the parties confirmed with the Court that they are agreeable to the dates provided in the Court's Arraignment Order with respect to experts; therefore, this aspect of Defendant's motion is denied as moot. As provided for in the Court's Arraignment Order, the parties shall disclose the identity of any expert witness and make all expert disclosures required by Rule 16(a) no later than 28 days before trial. *See* ECF No. 19 at 2. The parties shall also disclose the identity of any expert who will testify in rebuttal of any expert witness and make all disclosures as to such expert required by Rule 16(a) no later than 14 days before trial. *Id.*

5. Defendant's Motion for Government Agents to Retain Rough Notes, ECF No. 31, is **GRANTED IN PART** and **DENIED IN PART**.

Defendant requests an order directing that all law enforcement agents, including any

8

confidential reliable informants, to retain and preserve all rough notes taken as part of their investigation regardless of whether such rough notes are in official records. ECF No. 31 at 1. The Government does not object to the retention of rough notes. Gov't's Consol. Resp. at 7. The Government, however, objects to the disclosure of any rough notes. *Id.* at 7-8.

Defendant's request for the retention of rough notes is granted. To the extent that it has not already done so, the Government shall direct its agents to preserve any rough notes pertaining to this matter. To the extent that Defendant seeks disclosure of rough notes by arguing that rough notes are considered statements, *see* ECF No. 31 at 1, such a request is denied. Law enforcement's rough notes are not considered Jencks Act material, *see United States v. Redding*, 16 F.3d 298, 301 (8th Cir. 1994) (finding that an agent's rough notes memorializing a witness's statements are not Jencks Act material), and are not considered discoverable statements of a government agent, *see United States v. Robinson*, 439 F.3d 777, 779-80 (8th Cir. 2006) ("'[R]eports, memoranda, or other internal government documents' created by a government agent in connection with the investigation or prosecution of the case are immune from discovery." (quotation omitted)).

6. All prior consistent orders remain in full force and effect.

7. Failure to comply with any provision of this Order or any other prior consistent Order shall subject the non-complying party, non-complying counsel and/or the party such counsel represents to any and all appropriate remedies, sanctions and the like.

[Continued on next page].

Date: September 19, 2024

           <u>*s/Tony N. Leung*</u>
           Tony N. Leung
           United States Magistrate Judge
           District of Minnesota

           *United States v. Douglas*
           Case No. 24-cr-135 (SRN/TNL)